UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| QUINTON W. LAMBERT, | ) Case No.: 1:19-cv-00920-JLT (HC) |
| Petitioner, | ) ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE |
| v. | ) |
| STATE OF CALIFORNIA, | ) FINDINGS AND RECOMMENDATION DISMISSING UNEXHAUSTED PETITION |
| Respondent. | ) [TWENTY-ONE DAY OBJECTION DEADLINE] |

Petitioner filed a habeas petition on June 28, 2019, challenging his 2018 conviction in Stanislaus County Superior Court. Because the petition appears to be unexhausted, the Court will recommend it be DISMISSED WITHOUT PREJUDICE.

**DISCUSSION**

A.  Preliminary Review of Petition

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases. The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Herbst v. Cook, 260 F.3d 1039 (9th Cir. 2001).

///

1

B.      Exhaustion

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982).

Federal habeas review is unavailable until state remedies are exhausted, even if the particular claim brought in federal court has been finally settled by the state courts. Thus, when an appeal of a state criminal conviction is pending, a would-be habeas corpus petitioner must await the outcome of his direct appeal before his state remedies are exhausted, even where the issue to be challenged in the federal writ of habeas corpus has been finally resolved in the state courts. Sherwood v. Tomkins, 716 F.2d 632, 634 (9th Cir. 1983); see also Schnepp v. State of Or., 333 F.2d 288 (9th Cir. 1964); Woods v. Gilmore, 26 F. Supp. 2d 1093, 1095 (C.D. Ill. 1998).

Petitioner indicates that his direct appeal is still pending at the California Court of Appeal, Fifth Appellate District. Accordingly, the petition is premature, and the Court must dismiss this petition. See Sherwood, 716 F.2d at 634. The Court cannot consider a petition that is entirely unexhausted. Rose v. Lundy, 455 U.S. 509, 521-22 (1982). Petitioner also filed habeas corpus petitions in the Fifth DCA and the California Supreme Court, however, both were denied. (Doc. 1 at 18, 26.) These petitions were also procedurally improper as Petitioner cannot seek state post-conviction relief before the outcome of the direct appeal. See In re Dixon, 41 Cal. 2d 756, 759 (1953).

**ORDER**

The Court DIRECTS the Clerk of the Court to assign a United States District Judge to this case.

**RECOMMENDATION**

Accordingly, the Court RECOMMENDS that the Petition for Writ of Habeas Corpus be DISMISSED WITHOUT PREJUDICE for lack of jurisdiction.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the

Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty-one days after being served with a copy of this Findings and Recommendation, Petitioner may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **August 21, 2019**       **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE